UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL A. FOOTE                                                    CIVIL ACTION

VERSUS

ROBERT TANNER, ET AL.                                               NO. 16-102-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 26, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL A. FOOTE                                                    CIVIL ACTION

VERSUS

ROBERT TANNER, ET AL.                                        NO. 16-102-JWD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's Petition for Writ of Habeas Corpus (R. Doc. 1). By this application, the petitioner, Michael A. Foote, challenges his 1979 conviction entered on a charge of first degree murder in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The petitioner asserts that although he has previously pursued federal habeas corpus relief in this District, attacking the same conviction that is at issue in this matter, he should be allowed to proceed with this successive habeas corpus application on the grounds of his "actual innocence."

In a prior proceeding before this Court, the petitioner has pursued federal habeas corpus relief in this District. S*ee Michael A. Foote v. Burl Cain, et al.,* Civil Action No. 02-114-FJP. That proceeding was ultimately dismissed by this Court in September of 2002 as time-barred and procedurally defaulted, and the petitioner's appeal of that determination, and his subsequent application for further review before the United States Supreme Court, were denied in April and November, 2003, respectively.

In the instant proceeding, the petitioner now seeks to reopen his case and overturn his 1979 conviction on the grounds of his "actual innocence." A claim of "actual innocence" that is based upon new evidence may, in certain circumstances, provide a gateway for review of an

otherwise procedurally defaulted claim. *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1928 (2013). Notwithstanding, the petitioner's present claims are not properly before this Court at this time.

The present application is in the nature of a successive application for habeas corpus relief within the meaning of 28 U.S.C. § 2244(b). Pursuant to the Fifth Circuit's interpretation of that statute, a federal habeas corpus application filed after the filing of one or more previous applications is successive when it "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Sepulvado,* 707 F.3d 550, 553 (5th Cir.), *cert denied*, 134 S.Ct. 420 (2013), *quoting In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). In the instant proceeding, the petitioner points to no "new evidence" to assert his "actual innocence." Instead, he merely alleges a delay in receiving his trial transcripts. Thus, his claim of "actual innocence" "was or could have been raised" in his earlier application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* The petitioner has not presented this Court with an Order from the Fifth Circuit Court of Appeals allowing him to proceed with this successive application for federal habeas corpus relief. Thus, this Court cannot consider the instant habeas corpus petition because, without an order from the Fifth Circuit, this Court lacks subject matter jurisdiction over the petitioner's successive application. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Accordingly, the instant application should be considered, in part, as a motion for authorization to proceed with this successive habeas corpus application and should be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631, so that the Court of Appeals may

determine whether to grant the petitioner authorization to file the instant habeas corpus petition in this Court.  *See In re: Tony Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

## **RECOMMENDATION**

It is recommended that the instant petition be considered, in part, as a motion for authorization to proceed with this successive habeas corpus application and that the instant petition be transferred to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631, so that the Court of Appeals may determine whether to grant the petitioner authorization to file the instant habeas corpus petition in this Court.

Signed in Baton Rouge, Louisiana, on February 26, 2016.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**